UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **JEREMY MARTIN HAAR,** | **)** |  |
|  | **)** |  |
| **Plaintiff,** | **)** |  |
|  | **)** |  |
| **v.** | **)** | **Civil Action No. 25-13627-BEM** |
|  | **)** |  |
| **F. BOWERS, et al.,** | **)** |  |
|  | **)** |  |
| **Defendants.** | **)** |  |
|  | **)** |  |
|  | **)** |  |

**ORDER**

**MURPHY, J.**

Plaintiff Jeremy Martin Haar, a prisoner in custody at FMC Devens and proceeding *pro se*, initiated this action on December 1, 2025, by filing a complaint. Dkt. 1. On January 27, 2026, Haar was advised that in order to proceed, he must either pay the filing fee or seek leave to proceed without prepayment of the filing fee. Dkt. 3. Because he is a prisoner, he was advised that any motion for waiver of prepayment of the filing fee must be accompanied by a copy of his prison account statement. *Id.* Haar was ordered to, within 21 days, either pay the fee or file an application to proceed *in forma pauperis* with a copy of his prison account statement. *Id.*

On February 20, 2026, this action was dismissed without any response from Haar. Dkt. 5. On February 26, 2026, after the action was dismissed, the Court received Haar's Application to Proceed in District Court without Prepaying Fees or Costs. Dkt. 7. Haar was advised that to proceed with this action, he must file a motion to reopen accompanied by a copy of his prison account statement. Dkt. 8.

1

Now before the Court is Haar's Motion to Reopen, accompanied by a copy of his prison account statement.  Dkt. 10.  In his motion to reopen, Haar indicates that he wishes to prosecute this case.  *Id.*  He states that the institution failed to forward his documents to the Court at the time the documents were "turned over to prison officials."  *Id.*  Based upon these representations, the Clerk will be directed to reopen this action

Because Haar is a prisoner-plaintiff, the Court must examine the prison account statement to determine the initial partial filing fee and subsequent monthly payments required for the filing fee as required under the Prison Litigation Reform Act.  28 U.S.C. § 1915(a)(2), (b).  For Haar, the relevant 6-month period is June 2025 to November 2025.  The prison account statement covers the period from August 27, 2025 through January 27, 2026, *see* Dkt. 10-1, thus including information for only four of the months (August 2025 to November 2025) in the six months preceding the filing of the action.  Because of this, the Court calculates Haar's filing fee obligation based upon the information provided for the four months prior to the filing of this action (August 2025 to November 2025) and the two month period following the filing of the complaint (December 2025 to January 2026).  Haar's filing fee obligation will be calculated based upon the average monthly deposits for the six month period beginning August 27, 2025 and continuing through January 27, 2026.  If Haar seeks modification of the assessment of this filing fee, he may file a motion demonstrating good cause for any requested modification.

Accordingly, the Court hereby orders:

1.    The motion to reopen case, Dkt. 10, is GRANTED.  The Clerk shall reopen this action.

2.    The motion for leave to proceed *in forma pauperis*, Dkt. 7 is GRANTED.  Haar is assessed an initial, partial filing fee of $3.27, pursuant to 28 U.S.C. § 1915(b)(1)(B).  The

remainder of the fee, $346.73, is to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2). The Clerk shall send to the treasurer at FMC Devens a copy of the standard Notice to Prison form.

3.      The Clerk shall issue summonses for service of the Defendants. Haar is responsible for ensuring that the summonses, the complaint, and this order are served on Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

4.      Because Haar is proceeding *in forma pauperis*, he may elect to have service completed by the United States Marshals Service ("USMS"). If Haar chooses to have service completed by the USMS, he shall provide the agency with a copy of this order, all papers for service, and a completed USM-285 form for each party to be served. The USMS shall complete service as directed by Haar with all costs of service to be advanced by the United States.

5.      Haar shall have 90 days from the date of the issuance of the summonses to complete service. Failure to complete service in a timely fashion may result in dismissal of this action without prior notice to Haar. *See* Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.).

**So Ordered.**

<div style="margin-left:50%">
Brian E. Murphy
Brian E. Murphy
Judge, United States District Court
</div>

Dated:  April 3, 2026